**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL KATZ,**

                    **Plaintiff,**

**-vs-**                                         **Case No. 6:10-cv-1778-Orl-19KRS**

**APPLE INC.,**

                    **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 20) filed by the Plaintiff, Michael Katz ("Katz"), and the response (Doc. 21) filed by the Defendant, Apple, Inc. ("Apple").

**I.    Background**

According to the allegations of the Complaint (Doc. 3), Katz worked for Apple as a "Mac Specialist" from March 2006 to September 2007. Katz contends that his former employer discriminated against him on the basis of his age by repeatedly denying him promotions to the position of "Creative," leading to his constructive discharge. (Doc. 3 at 3). In October 2010, he filed suit against Apple in state court, asserting two counts of age discrimination – one for failure to promote, and one for constructive termination – in violation of the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes. Katz sought to recover damages "in excess of $15,000." (Doc. 3 at 1). On November 30, 2010, Apple removed the case to this court, asserting that the parties were diverse and that the amount in controversy exceeded $75,000. (Doc. 1 at 2). Katz

now seeks to have this matter remanded, arguing that Apple has failed to show that the amount in controversy exceeds the jurisdictional minimum.

## II. Legal Standards

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." The federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The removing party has the burden of establishing the existence of federal jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

## III. Analysis

There is no dispute as to the diversity of the parties. The propriety of this removal therefore turns on the question of whether the amount in controversy exceeds $75,000. The complaint alleges only that the damages sought exceed the $15,000 jurisdictional limit of the state court. (Doc. 3 at 1). However, Katz's complaint asserts claims under the FCRA, which permits a successful claimant to recover back pay and "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries." Fla. Stat. § 760.11(5). The statute also permits prevailing plaintiffs to recover attorney's fees and up to $100,000 in punitive damages. Fla. Stat. § 760.11(5). As to both counts of his complaint, Katz asserts a right to recover damages "including, but not limited to, back pay and other economic damages, front pay, compensatory damages, punitive damages, costs and reasonable attorney's fees" (Doc. 3 at 4).

Apple argues that the amount of back pay that Katz might recover, alone, is enough to establish that the amount in controversy exceeds $75,000. Apple contends (and, at least for purposes of this motion, Katz does not dispute) that the back pay he would have earned from the date of his alleged constructive discharge, September 30, 2007, through the date of removal, November 22, 2010, would total approximately $86,000.[1]

Katz takes issue with Apple's calculation. In an affidavit attached to his motion, Katz states that he has earned approximately $54,000 during this period. (Doc. 20 at 8). Accordingly, he says, his back pay for the period in questions would be approximately $32,000 – far short of the $75,000 minimum. (Doc. 20 at 3-4). For its part, Apple responds that the attorney's fees[2] and compensatory damages[3] Katz might recover, as well as the additional potential back pay that would accrue up through trial in this matter, easily establish that the amount in controversy exceeds $75,000, even after subtracting the wages earned by Katz after his employment with Apple.

---

[1] This figure assumes that Katz received the promotion (and accompanying raise) to the position of Creative, and is supported by the affidavit of Jane Sullivan, a human resources manager with knowledge of pay rates at Apple. (Doc. 1 at 8-9).

[2] Based on her 15 years' experience in employment-related matters, Apple's attorney, Stephanie L. Adler ("Adler"), estimates that Katz's attorney will likely spend at least 250 hours litigating this matter through trial. (Doc. 1 at 4). Apple also represents – apparently based on Adler's experience, although the notice of removal is not clear on this point – that the hourly rate customarily charged by someone with Plaintiff's counsel's level of experience is $300 per hour. (Doc. 1 at 4). Doing the math, 250 hours at $300 per hour would be $75,000 – sufficient to meet the threshold, even in the absence of a back pay award.

[3] Apple reviews a number of published jury verdicts in age discrimination cases and calculates that the average jury verdict in those cases was approximately $400,000. (Doc. 1 at 4).

The Court finds it unnecessary to determine whether the amounts Katz might recover for attorney's fees, compensatory damages, and post-removal back pay are properly included in calculating the amount in controversy. A district court is obligated to "review the propriety of removal on the basis of the removing documents." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). Where the case is being removed on the basis of the initial complaint rather than an amended pleading, motion, order, or other paper, 28 U.S.C. § 1446(b), the court assesses the removal on the basis of that complaint and the notice of removal. *Id.* at 1213-14. In this case, those documents – in particular, Katz's FCRA complaint, and the affidavit of Jane Sullivan attached to the notice of removal – unambiguously establish that Katz's potential back pay award was at least $86,000 as of the date of removal. Neither Katz's complaint nor the notice of removal suggest that this amount is subject to a deduction for amounts subsequently earned by Katz.

Moreover, even if that (potential) $86,000 back pay award is subject to a deduction, for jurisdictional purposes, this is still an $86,000 case. "When determining the amount in controversy for jurisdictional purposes . . . courts cannot look past the complaint to the merits of a defense that has not yet been established." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1332 n.9 (11th Cir. 2006), *citing Johns-Manville Sales Corp. v. Mitchell Enters., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969) (holding that even though statute of limitations might bar plaintiff from recovering a sum sufficient to meet jurisdictional minimum, "this is a factual issue requiring an adjudication on the merits of the case," and the availability of the defense, even if apparent on the face of the complaint, "does not operate to deprive the federal court of jurisdiction."). Although a deduction for post-termination earnings is more in the nature of a setoff than a defense, for present purposes

the important consideration is that it has not yet been established. Even if the $54,000 should be deducted from any back pay award, the possibility remains that Katz could avoid some or all of this deduction. For example, Apple might fail to prove this amount up at trial. In addition, Katz has not stipulated that the $54,000 should be deducted. Rather, he frames his argument in terms of taking issue with Apple's figures:

> In calculating Plaintiff's back pay, Defendant failed to account for any wages that Plaintiff has earned during this time period. Indeed Plaintiff has earned $53,601.63 from October 2007 to November 2010. See Declaration of Plaintiff attached hereto as Exhibit "A". Accordingly, Plaintiff's back pay for the period in question would be $32,258.37.

(Doc. 20 at 3). In the absence of a stipulation as to the exact amount, Katz could argue that deduction of the entire $54,000 was not appropriate because, for example, he was forced to incur expenses to land a new job or the fringe benefits of that job were worse than those provided by Apple.

Accordingly, the Court finds that Apple has shown, by a preponderance of the evidence, that the amount in controversy in this case exceeded the jurisdictional minimum at the time of removal. In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 24, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party